```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MELVIN MITCHELL,

                        Plaintiff,                                   NOT FOR PUBLICATION

            -against-                                                MEMORANDUM AND ORDER
                                                                     18-CV-6676 (PKC)

MISS IRENE ELLIOTT and
DISTRICT ATTORNEY'S OFFICE, KINGS COUNTY,

                        Defendants.
----------------------------------------------------------------X
```
PAMELA K. CHEN, United States District Judge:

Plaintiff Melvin Mitchell ("Plaintiff"), who is detained at the New York City Department of Correction's Rikers Island Correctional Facility, commenced this action pursuant to 42 U.S.C. § 1983 by filing a complaint dated September 11, 2018 and received by this Court on November 26, 2018. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. For the reasons that follow, the complaint is dismissed.

## BACKGROUND

According to the complaint, Plaintiff sought to testify before a grand jury in Kings County on August 8, 2018, but his attorney, Irene Elliott ("Elliott"), waived his right to appear. (Dkt. 1, at 4.) Plaintiff alleges that the prosecutor in the Kings County District Attorney's Office accepted the attorney's waiver even though he knew that Plaintiff wanted to appear before the grand jury. (*Id.*) Plaintiff seeks damages of $2000 per day for each of the days he has been confined. (Dkt. 1, at 5.)

## STANDARD OF REVIEW

In civil actions where a prisoner-plaintiff seeks redress from a governmental entity or from officers or employees thereof, 28 U.S.C. § 1915A requires this Court to review the complaint and

"identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint 1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or 2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, a district court similarly must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

At the same time, "document[s] filed *pro se* [are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**DISCUSSION**

Plaintiff's claims arise under 42 U.S.C. § 1983 ("§ 1983"), which provides for redress of deprivations of civil rights by state actors. In order to maintain a civil rights action under § 1983, a plaintiff must allege two elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* As the Supreme Court has held, the "under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted).

Upon review of the complaint, it appears that neither of the named defendants are amenable to suit under § 1983. Defendant Elliott appears to be the attorney who represented Plaintiff during his Kings County criminal proceedings. (Dkt. 1, at 4.) "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt,* No. 11-CV-5430-KAM, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (collecting cases); *see also Polk County v. Dodson*, 454 U.S. 312, 319 (1981) ("[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."). Even if Elliot was appointed through the state judicial process to represent Plaintiff, she would not be acting under color of state law for the purposes of claims under § 1983. *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42

U.S.C. § 1983."). Because Elliot was not acting under color of state law in her capacity as Plaintiff's attorney in his state court criminal proceedings, Plaintiff has failed to state a claim on which relief may be granted. Accordingly, Plaintiff's § 1983 claim against Elliot is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The remaining Defendant, identified as the Kings County District Attorney's Office, is also an inappropriate party to a § 1983 action. (Dkt. 1, at 2.) As a state office, the District Attorney's Office is not a "person" acting under color of state law. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983.") Even if Plaintiff were to name the individual District Attorney or Assistant District Attorney responsible for prosecuting his case, he would still fail to state a plausible claim for relief. "It is well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York,* 424 F.3d 231, 236 (2d Cir. 2005) (internal quotations omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Hill v. City of New York,* 45 F.3d 653, 661 (2d Cir. 1995) (quotation marks and brackets omitted). These covered functions include, among others, deciding which offenses to charge, presenting the case at trial, and evaluating and organizing evidence for presentation at trial or to a grand jury. *Id.* Absolute immunity for prosecutorial acts can be defeated only if the prosecutor is alleged to have acted in the complete absence of jurisdiction. *Shmueli*, 424 F.3d at 237.

In this case, Plaintiff claims a constitutional violation occurred when the District Attorney did not allow him to testify before a Kings County grand jury. The decision to present or withhold evidence and testimony before the grand jury is clearly part of the prosecutorial function of the

District Attorney. *McDonough v. Smith*, 898 F.3d 259, 269 (2d Cir. 2018) ("Prosecutors are protected by absolute immunity for their acts that are "intimately associated with the judicial phase of the criminal process" and their role as advocates . . . ."); *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (holding that prosecutors are immune for acts such as deciding to bring charges and present a case to a grand jury). Accordingly, all of the claims against the Kings County District Attorney's Office and its prosecutors are dismissed pursuant to 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

## CONCLUSION

Plaintiff's claims against the named defendants are dismissed, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). Because there is no possibility that he could allege a viable § 1983 claim based on the facts alleged in his complaint, the Court does not permit him to amend. *See Russ v. Chavers*, No. 10-cv-1370, 2012 WL 170007, at *3 (E.D.N.Y 2012) (denying pro se plaintiff leave to amend where all named defendants were immune from liability under § 1983). The Clerk of Court is respectfully directed to enter judgment and close this case. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 8, 2019
      Brooklyn, New York